1  Yana A. Hart, Esq. (SBN: 306499)
2  yana@westcoastlitigation.com
   Joshua B. Swigart, Esq. (SBN: 225557)
3  josh@westcoastlitigation.com
   **Hyde & Swigart, APC**
4  2221 Camino Del Rio South, Suite 101
5  San Diego, CA 92108
   Telephone: (619) 233-7770
6  Fax: (619) 297-1022
7  [Additional Attorney Captions on Signature Page]
8
   Attorneys for Plaintiff
9  *Leila Coleman*
10
11          **UNITED STATES DISTRICT COURT**
            **SOUTHERN DISTRICT OF CALIFORNIA**
12

| | |
|---|---|
| **LEILA COLEMAN,** | Case No: '18 CV 2192 WQH JLB |
| Plaintiff, | **CLASS COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMERS PROTECTION ACT, 47 U.S.C. §§ 227, *et seq.*;** |
| v. | |
| **FIRSTSOURCE ADVANTAGE, LLC and DOES 1-10,** | |
| Defendants. | **JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Leila Coleman ("Plaintiff") brings this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Firstsource Advantage, LLC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA"). Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

2. The TCPA was designed to prevent calls and messages like the one described within this complaint and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls that are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. At §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has original and supplemental jurisdiction pursuant to 47 U.S.C. §§ 227, *et seq*., 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

7. This Court has personal jurisdiction because Defendant regularly conducts business in California, collecting debts on behalf of its creditor clients, as it attempted to do in this case. Further, as illustrated below, Defendant directed its unlawful collection practices at the forum state.

8. A substantial part of the events or omissions giving rise to this claim occurred in La Mesa, California against Plaintiff who resides in the County of San Diego, State of California. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

9. At all times relevant, Defendant conducted business within the County of San Diego, State of California.

## PARTIES & DEFINITIONS

10. Plaintiff is a natural person who resides in the City of La Mesa, State of California.

11. Defendant is a New York corporation with its headquarters in the city of Amherst, state of New York. As a corporation, Defendant is a "person," as defined by 47 U.S.C. § 153 (39).

12. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153 (39).

## FACTUAL ALLEGATIONS

13. Sometime before January 2018, Plaintiff allegedly incurred a debt to Synchrony Bank that stemmed from a line of credit that Synchrony Bank extended to Plaintiff. Because this complaint alleges violations of the TCPA, the validity and circumstances surrounding the Debt are irrelevant and will only be discussed to provide context.

14. Plaintiff allegedly fell behind in payments on the Debt, which was ultimately placed with Defendant for collection purposes.

15. On January 8, 2018, Defendant called Plaintiff and left the following, prerecorded voicemail:

> "This is a message for Leila Coleman. If we've reached the wrong number for this person … please call us at 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 to remove your telephone number. If you are not Leila Coleman, please hang up. This is Christine Desmond from First Source Advantage, LLC. This is an attempt to collect debt by a debt collector. Any information obtained will be sued for that purposes. Please call me at toll free at 888-270-2281 and refer to reference number 35160408 or visit on line at www.fsapay.com. Our office will be open until 8:00 p.m. eastern standard time. Thank you."

16. Plaintiff did not have an established business relationship with Defendant.

17. Plaintiff alleges on information and belief that Defendant initiated this telephone call and left the foregoing voicemail with an artificial or prerecorded voice.

18. Plaintiff did not provide Defendant with prior express consent to receive such telephone calls.

19. The foregoing telephone call was for the purpose of collecting a debt.

20. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming telephone calls pursuant to 47 U.S.C. § 227 (b)(1).

21. This telephone call made was in violation of 47 U.S.C. § 227(b) (1). Further, this telephone call invaded Plaintiff's privacy.

## STANDING

22. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

    a. a valid injury in fact;

    b. which is traceable to the conduct of Defendant;

    c. and is likely to be redressed by a favorable judicial decision.

See, *Spokeo, Inc. v. Robins,* 578 U.S. ___ (2016) at 6, *Lujan v. Defenders of Wildlife, 504 U.S. 555 at 560; Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037.

23. In order to meet the above standard, Plaintiff must clearly allege facts demonstrating all three prongs above.

**A. *The "Injury in Fact" Prong***

24. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo (Id.)*.

25. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012). In this case, Defendant called Plaintiff on her cellular telephone

using an artificial or prerecorded voice. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All three of these injuries are concrete and *de facto*.

26. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016) at 7.* In this case, Defendant invaded Plaintiff's privacy and peace by calling her cellular telephone, and it did this with the use an artificial or prerecorded voice. Moreover, Defendant made this telephone call at Plaintiff's expense: Plaintiff must now pay for Defendant's telephone call to her cellular phone. All of these injuries are particularized and specific to Plaintiff, and will be the same injuries suffered by each member of the putative class.

**B.  *The "Traceable to the Conduct of Defendant" Prong***

27. The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that its injuries are traceable to the conduct of Defendant.

28. The above telephone call was directly and explicitly linked to Defendant. Defendant's telephone call identified Defendant as "First Source Advantage," the collection agency that attempted to collect the Debt from plaintiff. This telephone phone call is the sole source of Plaintiff's injuries. Therefore, Plaintiff has illustrated facts that show that her injuries are traceable to the conduct of Defendant.

**C. *The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

29. The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

30. In the present case, Plaintiff's Prayers for Relief include a request for damages for the telephone call made by Defendant, as authorized by statute in 47 U.S.C.

1  § 227.  The statutory damages were set by Congress and specifically redress the

2  financial damages suffered by Plaintiff and the members of the putative class.

3  31. Because all standing requirements of Article III of the U.S. Constitution have

4  been met, as laid out in *Spokeo, Inc. v. Robins, 578 U.S. ___ (2016),*  Plaintiff

5  has standing to sue Defendant on the stated claims.

6  ## CLASS ACTION ALLEGATIONS

7  32. Plaintiff brings this action on behalf of herself and on behalf of all others

8  similarly situated ("the Class").

9  33. Plaintiff represents, and is a member of, the Class, consisting of: All persons

10  within the United States who had or have a number assigned to a cellular

11  telephone service, who received at least one telephone call from Defendant that

12  was made with the use of an artificial or prerecorded voice. The applicable time

13  period for this class is between the date of the filing of this action and the four

14  years preceding.

15  34. Defendant and its employees or agents are excluded from the Class.  Plaintiff

16  does not know the number of members in the Class, but believes the Class

17  members number in the thousands, if not more. Thus, this matter should be

18  certified as a Class action to assist in the expeditious litigation of this matter.

19  35. Plaintiff and members of the Class were harmed by the acts of Defendant in at

20  least the following ways: Defendant illegally contacted Plaintiff and the Class

21  members via their cellular telephones thereby causing Plaintiff and the Class

22  members to incur certain cellular telephone charges or reduce cellular telephone

23  time for which Plaintiff and the Class members previously paid, by having to

24  retrieve or administer messages left by Defendant or its agents, during those

25  illegal telephone call, and invading the privacy of said Plaintiff and the Class

26  members.  Plaintiff and the Class members were damaged thereby.

27  36. This suit seeks only damages for recovery of economic injury on behalf of the

28  Class and it expressly is not intended to request any recovery for personal injury

and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records and/or Defendant's agent's records.

38. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    i. Whether, within the four years prior to the filing of the Complaint, Defendant made any telephone call (other than a telephone call made for emergency purposes or made with the prior express written consent of the person called) to the Class members using an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    ii. Whether Defendant called the Class for the purpose of collecting a debt;

    iii. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and

    iv. Whether Defendant should be enjoined from engaging in such conduct in the future.

39. As a person who received telephone call from Defendant in which Defendant used an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class because Plaintiff has no interests antagonistic to any member of the Class.

40. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action,

1    the Class will continue to face the potential for irreparable harm. In addition,

2    these violations of law will be allowed to proceed without remedy and

3    Defendant will likely continue such illegal conduct.  The size of Class member's

4    individual claims causes few, if any, Class members to be able to afford to seek

5    legal redress for the wrongs complained of herein.

6    41. Plaintiff has retained counsel experienced in handling class action claims and

7    claims involving violations of the Telephone Consumer Protection Act.

8    42. A class action is a superior method for the fair and efficient adjudication of this

9    controversy.  Class-wide damages are essential to induce Defendant to comply

10   with federal law.  The interest of Class members in individually controlling the

11   prosecution of separate claims against Defendant is small because the maximum

12   statutory damages in an individual action for violation of privacy are minimal.

13   Management of these claims is likely to present significantly fewer difficulties

14   than those that would be presented in numerous individual claims.

15   43. Defendant has acted on grounds generally applicable to the Class, thereby

16   making appropriate final injunctive relief and corresponding declaratory relief

17   with respect to the Class as a whole.

18                          **FIRST CAUSE OF ACTION:**

19        **NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER**

20             **PROTECTION ACT 47 U.S.C. § 227 ET SEQ.**

21   44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

22   as though fully stated herein.

23   45. The foregoing acts and omissions of Defendant constitutes multiple negligent

24   violations of the TCPA, including but not limited to each and every one of the

25   above-cited provisions of 47 U.S.C. § 227 et seq.

26   46. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq.,

27   47. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages,

28   for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION:

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute multiple knowing and/ or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

51. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

52. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## FIRST CAUSE OF ACTION:

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

• As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

• Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

• Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION:

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## **TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 9/21/18                                          **Hyde & Swigart, APC**

By: /s/ Joshua B. Swigart
     Joshua B. Swigart, Esq.
     Attorney For Plaintiff

**Additional Counsel for Plaintiff**:

Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

1   Daniel G. Shay, Esq. (State Bar No. 250548)
    DanielShay@SanDiegoBankruptcyNow.com
2   **Law Office of Daniel G. Shay**
3   409 Camino Del Rio South, Suite 101B
    San Diego, CA 92108
4   Telephone: (619) 222-7429
5   Facsimile: (866) 431-3292

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28